UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN SHORT,
    Plaintiff,

                Case Number: 11-15684
                Hon. Victoria A. Roberts
v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This is a social security case.

On April 1, 2011, Plaintiff Brian Short's claim for supplemental security income was denied. On October 17, 2011, the Appeals Council issued a notice denying Mr. Short's request for review of that decision. On December 29, 2011, Mr. Short filed a complaint with this Court for judicial review of the Appeals Council's decision under 42 U.S.C. § 405(g).

Before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Defendant says the Court lacks subject matter jurisdiction over Mr. Short's petition because it was filed late.

Section 405(g) allows an individual to obtain judicial review of any final decision of the Commissioner of Social Security ("Commissioner") "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g).

1

The term "mailing" in § 405(g) means the date an individual receives notice of the Appeals Council's decision or denial of a request for review. *See* 20 C.F.R. §§ 404.981, 422.210(c). Under 20 C.F.R. § 422.210(c), however, the date of receipt of notice of denial of request for review is presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. This results in a 65-day time frame to file a petition for review. It serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

Although this is a motion to dismiss for lack of subject matter jurisdiction, the Court notes that the 65-day time frame is "not jurisdictional but a period of limitations." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (internal quotation marks omitted). Nonetheless, the time limitations in Social Security appeals are strictly construed; a complaint under 42 U.S.C. § 405(g) will be dismissed for late filing. *See id.* at 437 (affirming district court's dismissal of complaint filed one day late).

Here, Mr. Short is deemed to have received the Appeal Council's decision no later than October 22, 2011; he had until December 21, 2011 to seek review under 42 U.S.C. § 405(g). His complaint was untimely filed on December 29, 2011.

In his response to Defendant's motion to dismiss, Mr. Short says that he was not "made aware or mailed any order or letter or anything related coming from an Appeals Council." This is inconsistent with allegations in his complaint, which reflect his knowledge of the Appeals Council's decision. For example, he says "[the Appeals Council denied the case on October 17, 2011 and Plaintiff was given 65 days in which

2

to file for a civil action . . . Plaintiff filed this Federal action against the US Social Security Administration within 60 days from the final decision . . . ." In addition, under 20 C.F.R. § 422.210(c), he could provide actual evidence to make a reasonable showing that he received the notice after October 22, 2011--the end of the initial 5-day grace period--to satisfy 42 U.S.C. § 405(g). Mr. Short does not provide evidence of late receipt of the Appeal Council's decision.

Although Mr. Short does not claim he is entitled to equitable tolling, the Court considers the five factors to determine whether tolling is appropriate: (1) Mr. Short's lack of actual notice of the filing requirement; (2) his lack of constructive knowledge of the filing requirement; (3) his diligence in pursuing his rights; (4) absence of prejudice to Defendant; and (5) Mr. Short's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Cook*, 480 F.3d at 437.

Mr. Short says his late filing was simple mistake, inadvertence and excusable neglect, that he was even surprised that he was only given 60 days, and that a 60-day limitation is unconstitutional and not a reasonable time to "research, find a lawyer, attain retainer, prepare for court and drafting documents." Mr. Short's position does not satisfy the factors to warrant equitable tolling.

For these reasons, Mr. Short's filing of his complaint was untimely. The Court **GRANTS** Defendant's motion to dismiss. Judgment will enter in favor of Defendant.

**IT IS ORDERED.**

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  February 22, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Brian Short by electronic means or U.S. Mail on February 22, 2013.

S/Linda Vertriest
Deputy Clerk

4