UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN SHORT,
        Plaintiff,

                              Case Number: 11-15684
                              Hon. Victoria A. Roberts
v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DOC. 17)

This matter is before the Court on Plaintiff's "Motion for Relief from Judgment and Clear Request for Immediate Decision with Brief in Support," brought pursuant to Federal Rules of Civil Procedure 60(b) and 7. (Doc. 17). Plaintiff seeks relief from this Court's order granting Defendant's motion to dismiss and judgment entered for Defendant. He claims "surprise, excusable neglect, mistake, inadvertence and equity and common law as well as being in the interests of justice and to make a correction of the record as well as a proper and just assessments of the facts and law to this case."

Although Plaintiff brings his motion under Federal Rule of Civil Procedure Rule 60(b), the Court reviews it under the standards for both a motion for reconsideration under Local Rule 7.1(h)(3) and a motion for relief of judgment under Federal Rule of Civil Procedure 60(b).

Under Local Rule 7.1(h)(3):

1

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

Further, under Federal Rule of Civil Procedure 60(b), the Court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Federal Rule of Civil Procedure 60(b) is narrowly interpreted to allow relief from judgment only in exceptional or extraordinary circumstances. *See Blue Diamond Coal Co. v. Trustees of UMWA*, 249 F.3d 519, 524 (6th Cir. 2001).

The Court finds that Plaintiff has not met his burden to show a palpable defect by which the Court has been misled, and that a different disposition must result from a correction of the disposition, or that relief is warranted under the Rule 60(b) standards. The time limitations in Social Security appeals are strictly construed. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432 (6th Cir. 2007). A complaint under 42 U.S.C. § 405(g) will be dismissed for late filing unless equitable tolling of the filing deadline is allowed under the circumstances of the case. *Id.* Mr. Short's complaint was filed late and his allegations are contradictory and do not support equitable tolling. For example, he previously alleged that he never received an order from the Appeals Council, but now says he misplaced it. Plaintiff is not entitled to relief under either Local Rule 7.1(h)(3) or Federal Rule of Civil Procedure 60(b).

Plaintiffs' motion is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 28, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Brian Short by electronic means or U.S. Mail on February 28, 2013.

S/Carol A. Pinegar
Deputy Clerk

3